By s/*TEENA TIMMONS
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF TEXAS
August 03, 2012

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP
IMPLANT PRODUCTS LIABILITY LITIGATION               MDL No. 2244

### TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in the four actions listed on Schedule A move to vacate our orders that conditionally transferred their respective actions to MDL No. 2244. Defendants DePuy Orthopaedics, Inc. (DePuy) and Johnson and Johnson oppose the motions.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2244, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Northern District of Texas was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's Pinnacle Acetabular Cup System hip implants. *See In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, 787 F.Supp. 2d 1358 (J.P.M.L. 2011). These actions involve injuries arising from the implantation of DePuy Pinnacle Acetabular Cup System hip implants and related components, and clearly fall within the MDL's ambit.

None of the plaintiffs dispute that their actions share questions of fact with actions pending in MDL No. 2244. Plaintiffs instead base their arguments against transfer primarily on the pendency of motions to remand their respective actions to state court and their desire that the remand issue be decided before transfer. We note, however, that plaintiff's motion to remand in the Northern District of California action was denied without prejudice, and all of the other judges presiding over the actions before the Panel have indicated that they will not decide plaintiffs' respective remand motions before the Panel decides the issue of transfer. Plaintiffs can present their motions to remand, if any, to the transferee judge.[1] *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Northern District of Texas and, with the consent of that court, assigned

---

[1] We note that Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

-2-

to the Honorable James E. Kinkeade for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

**IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP**
**IMPLANT PRODUCTS LIABILITY LITIGATION** MDL No. 2244

## SCHEDULE A

<u>Central District of California</u>

Harold Yeoman, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-02571
Paul L. McCurley, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-02989
William Waite v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-03022

<u>Northern District of California</u>

Susan Brewer, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 3:12-01473

<u>District of Maryland</u>

Mary L. Yearwood, et al. v. Johnson & Johnson, Inc., et al., C.A. No. 1:12-01374